354 So.2d 1124 (1978)
Stanley HOWELL
v.
STATE of Mississippi.
No. 50129.
Supreme Court of Mississippi.
February 8, 1978.
*1125 Gene Stringer, Louisville, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SUGG and WALKER, JJ.
INZER, Presiding Justice, for the Court:
This appeal involves the question of whether the trial court abused its discretion in overruling a motion by Stanley Howell to vacate the judgment adjudicating him guilty of burglary and granting him a new trial on the ground of newly discovered evidence.
Howell was tried and convicted in the Circuit Court of Attala County on September 10, 1975, for the crime of burglary. He appealed to this Court and his conviction was affirmed without an opinion on November 16, 1976. 339 So.2d 60 (Miss. 1976). Shortly thereafter, on December 8, 1976, he filed a petition in this Court styled "Petition for Leave to File in the Trial Court a Motion to Vacate Judgment and for a New Trial on the Grounds of Newly Discovered Evidence." This Court, being of the opinion that the petition contained sufficient substance to grant Howell leave to file his petition in the trial court sustained the petition and granted him leave to file a motion in the trial court. A full hearing was had on the motion and the court was of the opinion that the evidence adduced by Howell did not establish a cogent reason for vacating the judgment, nor was it sufficient to establish that it was practically conclusive that if introduced in a new trial, a different result would be reached. An order was entered overruling the motion for a new trial. Hence, this appeal.
The newly discovered evidence which appellant contends justifies granting him a new trial consists of the confession of one Jan Overstreet that he and another person committed the crime for which appellant was convicted. The trial court in its order overruling a motion for new trial made a finding of fact, which in part states:
Having heard the evidence produced at this hearing by both parties and having heard argument of counsel, the Court finds from them in the month of December, 1976, the Defendant was a cellmate in the Attala County Jail with one Jan Overstreet. The Defendant alleges that *1126 Overstreet confessed to said crime to the Defendant and another cellmate. Defendant's counsel then talked with Overstreet and obtained from him two written statements purporting to be Overstreet's confession to having committed the crime with which Defendant is charged. These statements were admitted into evidence and appear in this record. The hereinabove recited schedule of events followed the execution of these statements.
The evidence on this hearing is to the effect that when these statements were made no officer of the law was present and that Overstreet was not in custody in relation to the crime which he related in his statements. When called as a witness on this hearing, Overstreet advised the Court that he had not consulted with his lawyer, although he had one, and the Court sent for his attorney and required a conference between them. Thereafter, Overstreet testified that his statements were true and correct but he declined to answer any questions as to the details thereon otherwise than that the statement was true and correct and was executed by him. He also related that he had an accomplice, one Ray McBride, who was not produced by the Defendant, and that they related the fact that they had committed the crime to one Randy Hutchison, the nephew of the Defendant, on the night the crime was committed. Hutchison's testimony was that Overstreet and McBride made such a confession to him in the presence of one Roger McBride. Roger McBride's testimony was that no such confession ever took place in his presence. The Court finds from the evidence that Overstreet did not come forward with any confession for a period of approximately two (2) years after the crime was committed and that the nephew of the Defendant, Randy Hutchison, never communicated the statements he alleged were made to him to the Defendant until long after the Defendant was convicted and his case affirmed. The Court further finds that Randy Hutchison wrote a letter to the County Prosecuting Attorney alleging that the Defendant did not commit the crime, but that this was done after the Defendant's conviction and despite the fact that Hutchison and his uncle, the Defendant, were convicted at the same term of court and were in jail together prior to their trial.
The Court finds that the Defendant produced no physical facts to substantiate the confession and finds on the contrary that the evidence adduced at this hearing was to the effect that there was only one set of footprints leading away from the scene of the crime which were followed by the arresting officer and that, therefore, the only physical evidence offered relating to the confession impeaches it in the particular that it claims the crime was committed by two people.
The Court in considering whether a new trial should be given to the Defendant on the basis of this hearing is required by the nature of the motion to consider the matter with great care and caution. Although that requirement is less severe in criminal matters it nonetheless applies. The Court is charged with an equal duty to see that the Defendant is provided a fair trial and to see that a proper administration of justice results.
The Court having seen and heard the witnesses for the movant made certain observations relative to their testimony. In commenting on the testimony of Randy Hutchison, the court stated:
On this hearing the evidence that the confession of Overstreet was made spontaneously to a close acquaintance shortly after the burglary had occurred is impeached by Roger McBride's statement that that conversation never took place in his presence. There is no eye witness to the relation of the confession other than the confessant, and there are no other physical facts in the record to support the confession. In the opinion of this Court the testimony of Randy Hutchison relative to the spontaneous confession is negated by the fact that, as the record shows, he never communicated the confession to the Defendant, his uncle, even *1127 though he knew that he had been indicted to a charge, was in jail with Hutchison while he was awaiting trial, and even though Hutchison knew that the Defendant, Howell, had been convicted of the crime. It is incredible that with a close relationship he did not reveal this confession to the Defendant although he had every opportunity to do so if it were true.
The trial court was of the opinion that the evidence offered by the movant merely tended to impeach the evidence of Officer Steed who testified at the trial and on this hearing that in making a check of the Skill Center he saw a man inside the building in the act of committing the burglary and that there was only one set of footprints leaving the building. He identified appellant as being the man he saw in the building.
The principal assignment of error is that the trial court was in error in overruling appellant's motion to vacate the judgment and for a new trial on the ground of newly discovered evidence. It is contended that the appellant met requirements laid down in Lang v. State, 230 Miss. 147, 163, 92 So.2d 670 (1957), and the trial court should have vacated the judgment and granted a new trial. In arriving at its decision, the trial court was well aware of the Lang case and discussed the facts of this case in the light of that decision.
When we granted appellant leave to file his motion for a new trial on the ground of newly discovered evidence, we in effect held that the claimed newly discovered evidence presented a question of sufficient gravity with respect to the guilt or innocence of the defendant to warrant a judicial determination of whether the conviction should be set aside and a new trial granted. The scope of judicial inquiry extended not only to the truth of the newly discovered evidence, but also to the probative effect of such evidence to produce a different result on a new trial. The trial court considered the evidence accordingly, and in the exercise of its judicial discretion decided that the motion should be overruled. The scope of our inquiry on appeal is to determine whether the trial court abused its discretion in making this determination. After a careful review of the record, we are unable to say that the trial court abused its discretion or was manifestly wrong in failing to sustain the motion to vacate the judgment and to grant a new trial. The trial court observed and heard the witnesses as they testified and was in a much better position to determine the truth of the alleged newly discovered evidence and its probative value. If we assume that on another trial that Overstreet would voluntarily testify to the facts set out in his sworn statement, we do not think it would be reasonably certain that another jury would reach a different result in this case.
Appellant also contends that the trial court was also in error in failing to sustain his motion to vacate when it learned that the State of Mississippi received knowledge of newly discovered evidence which would tend to acquit the defendant and did not make this newly discovered evidence available to the appellant, who did not gain knowledge of the evidence until approximately one year later. This contention is based upon the testimony of Randy Hutchison who testified that after appellant's conviction was affirmed, he wrote the county attorney and told him that someone other than the appellant committed the crime, but he did not tell him who committed the crime, or the basis of his statement. We are unable to find anywhere in the record where this proposition is raised in the trial court and for that reason it is not properly before the court, but in any event it is without merit.
The other assignment of error is without merit and for the reasons stated, this case should be and is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.